UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case<br>) No. 08-63391-fra7 |
| DAVID MICHAEL APPLEBAUM and<br>LAURA MICHELLE FINLEY, | )<br>)<br>) MEMORANDUM OPINION |
| Debtors. | ) |

The Trustee objects to the Debtors' claimed exemptions under the California Code of Civil Procedure, asserting that California's scheme providing for a separate set of exemptions for debtors in bankruptcy is unconstitutional. The Court disagrees, and will overrule the Trustee's objection.

FACTS

According to their petition, the Debtors presently reside in Oregon. As disclosed in their Statement of Affairs, they resided in California between July 2004 and April 2007, when they moved to Oregon. Since the Debtors were California residents for the majority of the six months prior to the 730 days preceding the filing of their petition, they

// // //

// // //

Page 1 - MEMORANDUM OPINION

are required to claim their exemptions under California law. Code
§ 522(b)(3)(A).[1]

## DISCUSSION

The unusual history of California's exemption scheme is set out in In re Lennen, 71 B.R. 80, 82 (Bankr. N.D. Cal. 1987). The California legislature has provided for two sets of exemptions: CCP § 704 sets out exemptions available to any judgment debtor to protect property from attaching creditors. The second set, CCP § 703.140(b) is available only to a debtor who has filed a bankruptcy petition. As permitted by Bankruptcy Code § 522(b)(2), California has opted out of the federal exemption scheme. CCP § 703.120.

The Trustee, citing to Lennen and In re Regovic, 389 B.R. 736 (Bankr. D.Az. 2008), asserts that the "special provisions" of CCP § 703.140 are unconstitutional. The Debtors disagree, citing In re Morrell, 394 B.R. 405 (Bankr. N.D. W.Va. 2008). Pursuant to 28 U.S.C. § 2403(b), the Court certified to the Attorney General of the State of California that the constitutionality of the California Code had been challenged, and ordered that the State be given leave to intervene. As of this writing, the State has declined to do so.

The cases cited to by the Trustee question the constitutionality of the California statute on two grounds: that it violates the uniformity requirement of the bankruptcy clause of the constitution, and that it violates the constitution's supremacy clause by legislating in an area preempted by the Congress.

---

[1] Debtors' petition for relief was filed on September 5, 2008.

Page 2 - MEMORANDUM OPINION

1. *Uniformity*

Article I, Section 8, Clause 4 of the U.S. Constitution provides that the Congress may "establish uniform laws on the subject of bankruptcies." The Lennen court found that the California exemption scheme does not satisfy the uniformity requirement of the constitution, because it makes exemptions available to debtors in federal bankruptcy court, but not to other Californians who have not filed a bankruptcy petition.

Of course, the Bankruptcy Code itself makes distinctions between individuals. For example, individuals are treated differently under the Code based on whether their income is above or below median income, the availability to the debtor of disposable income, and the amount and nature of claims against the debtor. In short, the uniformity clause does not require that all residents of a state be treated identically. What it requires is that each resident's treatment be determined by the same set of rules. The state is free to pass laws with varying effects on citizens, so long as the laws do not conflict with federal law. See In re Kulp, 949 F.2d 1106 (10th Cir. 1991).

2. *Supremacy*

It is axiomatic that federal law enacted pursuant to constitutional authority is the supreme law of the land. U.S. Const. art. VI, cl. 2. It follows that state law is preempted where the Congress has, pursuant to its constitutional authority, enacted comprehensive legislation. The Supreme Court has held that determining whether a federal statute preempts state law involves three inquiries:

The first inquiry is whether "the scheme of federal

Page 3 - MEMORANDUM OPINION

>       legislation [is] so pervasive as to make reasonable
>       inference that Congress left no room for the states to
>       supplement it.
>
>       The second is whether the statute "touches a field in
>       which federal interest is so dominant that the federal
>       system [must] be assumed to preclude enforcement of
>       state laws on the same subject.
>
>       Third, the court must determine whether the
>       enforcement of a state statute "presents a serious
>       danger of conflict with the administration of the
>       federal program."

In re Morrell, 394 B.R. 405, 412 (N.D. W.Va. 2008)(quoting from Pennsylvania v. Nelson, 350 U.S. 497, 502(1956)).

As to the first inquiry: it is not reasonable to infer that Congress has left no room to the states to determine the scope of exemptions. Bankruptcy Code § 522 does precisely the opposite, by permitting the states to exclude the application of the federal exemption scheme by its citizens, and authorizing each state to apply its own exemption scheme. Section 522 does not limit or define the exemption schemes to be enacted and applied by the states.

The same reasoning applies to the second inquiry, as to whether the federal interest is "so dominant" that it necessarily precludes enforcement of state laws on the same subject. Section 522 requires, rather than precludes, enforcement of state exemption laws.

Finally, there is no reason to believe that California's exemptions statutes conflict with the overall theme of federal bankruptcy law, to the extent that the conflict interferes with the administration of the Bankruptcy Code in California or elsewhere. Morrell, 394 B.R. at 417-18. It may be, as the court in Regovic states, that Congress has "occupied the field" regarding the exemption rights of a debtor in

Page 4 - MEMORANDUM OPINION

1 bankruptcy.  However, having done so the Congress proclaimed that the
2 states are free to enact their own exemption statutes, and to have them
3 given exclusive effect in federal bankruptcy courts.  Contrary to
4 Regovic, the Court believes that the Congress has left ample room for
5 states to adopt their own bankruptcy specific exemptions.  Compare
6 Regovic, 389 B.R. at 741.

7 The Regovic court cites to In re Kanter, 505 F.2d 228, 230 (9th
8 Cir. 1974), a case decided under the Bankruptcy Act.  In Kanter, the
9 Court of Appeals held that the Supremacy Clause prohibits enforcement of
10 a California law which precluded trustees and other assignees by
11 operation of law from acquiring any interest in or lien rights upon a
12 personal injury cause of action.  Kanter is distinguishable from the case
13 at hand, because the California law in question in Kanter clearly
14 conflicted with the overall scheme of both the Bankruptcy Act and Code.

CONCLUSION

16 CCP § 703.140(b) is a lawful exercise of the rights of the
17 state of California created by § 522 of the Bankruptcy Code, and it is
18 uniformly applied to all residents of that state.  By extension, it is
19 uniformly applied to former Californians required to look to California
20 law by Code § 522(b)(3)(A).  It follows that the Trustee's objection must
21 be overruled.

22 This memorandum constitutes the Court's findings of fact and
23 conclusions law; an order consistent herewith will be entered by the
24 Court.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 5 - MEMORANDUM OPINION